IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AZILLE, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | No.: 13-5446 |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al | : | |
|     Respondents. | : | |

**REPORT AND RECOMMENDATION**

**LYNNE A. SITARSKI**                                                                               **DATE:  December 5, 2013**
**UNITED STATES MAGISTRATE JUDGE**

       Presently before the Court is a *pro se* petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, by Peter Azille ("Petitioner"), an individual currently incarcerated in Curran-Fromhold Correctional Facility located in Philadelphia, Pennsylvania.  For the following reasons, this Court respectfully recommends that the petition be **DISMISSED** without prejudice.

**I.    FACTS AND PROCEDURAL HISTORY**

       On May 18, 2013, Petitioner was arrested for an incident that occurred that day.  *See* Pennsylvania Docket, No. CP-51-CR-0008383-2013, at 1 (Phila. Ct. Cm. Pl. May 18, 2010).  Petitioner was charged with rape by forcible compulsion (18 Pa.C.S. § 3121), sexual assault (18 Pa.C.S. § 3124.1), indecent assault without consent of the other person (18 Pa.C.S. § 3126), recklessly endangering another person (18 Pa.C.S. § 2706), and indecent assault on a person who is unconscious (18 Pa.C.S.§ 3126).  *Id.*  On May 19, 2013, Petitioner was ordered held on $125,000 bail.  *Id.* at 2.  On September 3, 2013, a pretrial conference was held, during which defense counsel made several discovery requests.  *Id.*

On September 6, 2013, Petitioner filed the following *pro se* motions:

    (1)    Motion for Modification of Bail;

    (2)    Motion to Dismiss;

    (3)    Motion for New Counsel;

    (4)    Motion for Discovery.

*Id.* at 3-4. On September 9, 2013, Petitioner filed a *pro se* "Request for Bill of Particulars" and a "Petition for Writ of Habeas Corpus."[1] *Id.* at 4. Petitioner is currently in custody awaiting his trial, which is scheduled for May 19, 2014. *Id.* at 4

On September 6, 2013, Petitioner filed the instant *pro se* petition for habeas corpus raising the following grounds for relief (recited verbatim):

    (1)    No substantial evidence;

    (2)    No valid criminal complaint;

    (3)    Arrest warrant violation of Due Process Rights;

    (4)    Diplomatic Immunities.

*See* Pet'r's Hab. Pet. at 3. On September 17, 2013, Petitioner filed an amended petition, raising the following additional grounds for relief (recited verbatim):

    (1)    PARS Forms

    (2)    Violation of 5th Amendment due process rights,

    (3)    [Violation of] 8th Amendment excessive bail,

    (4)    [Violation of] 11th Amendment

    (5)    Defendant has been in country over 7.5 years which gives him grounds to reopen

---

[1] The state court docket does not show that any of these motions have been ruled upon.

case that has been ruled on.

*See* Pet'r's Am. Hab. Pet. at 3, 4.

## II. DISCUSSION

No response has yet been filed to the instant petition. However, district courts are authorized to dismiss habeas petitions where it is apparent from the face of the petition that the Petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S. 314, 320, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). For the reasons that follow, I conclude that no response is needed because it plainly appears the face of the petition and the state court docket that no relief is warranted. *See* 28 U.S.C. § 2254 Rule 4 (no response is required if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . .").

While generally petitions for habeas relief are brought after a petitioner has been convicted, federal courts do have jurisdiction over pretrial habeas petitions brought pursuant to § 2241. However, such pre-trial claims may only be addressed on the merits after the petitioner has satisfied the exhaustion requirement by presenting his claim through one full round of the state's established appellate process. *See Wilson v. Beard*, 02-374, 2012 U.S. Dist. LEXIS 55987, *24-25 (E.D. Pa. Apr. 20, 2012) (speedy trial claim brought in a pretrial petition only cognizable after the petitioner satisfies the exhaustion requirement) (citation omitted).

In this case, Petitioner has failed to exhaust his state court remedies by fairly presenting his claims through one full round of the Pennsylvania established appellate process. According to the state court docket, Petitioner filed various motions the same day he filed the instant habeas

petition.  It is clear that Petitioner has failed to give the state courts the first opportunity to address any cognizable habeas issues.  Indeed, Petitioner did not even allow the trial court to rule on his claims before filing the instant petition.

"Jurisdiction without exhaustion should not be exercised at the pretrial stage unless extraordinary circumstances are present." *Moore v. DeYoung*, 515 F.2d 437, 444 (3d Cir. 1975).  Here, extraordinary circumstances do not exist and adequate state court review remains available to Petitioner "at trial and thereafter, on appellate review." *Id.* at 445.  Petitioner's trial is now scheduled for May, 2014, and a majority of his claims may be presented during state court proceedings.  *See Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (summarily affirming dismissal of 2241 petition alleging improper warrantless arrest and excessive bail because of failure to exhaust); *In re Justices of the Super. Ct. Dep't of mass. Trial Ct.*, 218 F.3d 11, 12 (1st Cir. 2000) ( "The federal courts have long recognized the fundamental policy against federal interference with state criminal proceedings.") (internal citations omitted).

In sum, the Pennsylvania courts are the proper forum for addressing the claims in the instant petition.  If necessary and/or appropriate, Petitioner can fully avail himself of direct appeal remedies, as well as other post-conviction remedies once his trial is complete.

Moreover, dismissal of the instant petition will not prejudice Petitioner from filing a § 2254 petition once Petitioner has properly exhausted his state court remedies.  *See Collazo v. New Jersey*, No. 13-0809, 2013 U.S. Dist. LEXIS 53190 (D.N.J. Apr. 12, 2013) (dismissing a 2241 petition without prejudice to the filing of a 2254 petition).  Because the instant petition is unexhausted and because extraordinary circumstances do not warrant federal intervention in state procedures at this time, I recommend dismissing the instant petition without prejudice to

the filing of a § 2254 petition.

### III.    CONCLUSION

This Court respectfully recommends that the instant petition for writ of habeas corpus be dismissed without prejudice.

Therefore, I make the following:

# **R E C O M M E N D A T I O N**

AND NOW, this  **5TH**  day of December, 2013, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.  There has been no substantial showing of the denial of a Constitutional right requiring the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation.  *See* Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE