IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AZILLE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | NO. 13-5446 |

ORDER

AND NOW, this 24th day of February, 2014, upon consideration of petitioner Peter Azille's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (docket entry # 1) and his amended petition (docket entry #3), our Order referring this matter to the Honorable Lynne A. Sitarski for a report and recommendation (docket entry # 4), Judge Sitarski's report and recommendation ("R&R") (docket entry # 6), Azille's objections thereto (docket entry # 10), and Azille's motion for order (docket entry # 7), and the Court finding that:

(a) As Judge Sitarski writes, Azille was arrested on May 18, 2013 and charged with rape by forcible compulsion, sexual assault, indecent assault without consent of the other person, recklessly endangering another person, and indecent assault on a person who is unconscious, R&R at 1;

(b) On May 19, 2013, he was ordered held on $125,000 bail, and on September 3, 2013, the Commonwealth court held a pretrial conference during which defense counsel made several discovery requests, id. at 1-2;

(c) In September, Azille filed, pro se, motions in the Commonwealth court for dismissal, modification of bail, for new counsel, for discovery, for a bill of particulars, and for habeas corpus, id. at 2;

(d) His trial in the Commonwealth court is currently scheduled for May 19, 2014, id.;

(e) Judge Sitarski observes that though the federal courts "do have jurisdiction over pretrial habeas petitions brought pursuant to § 2241", we may only exercise such jurisdiction "after the petitioner has satisfied the exhaustion requirement by presenting his claim through one full round of the state's established appellate procedures", id. at 3 (citing Wilson v. Beard, No. 02-374, No. 02-374, at *8 (E.D. Pa. Apr. 20, 2012) (Padova, J.));

(f) Here, Azille has "failed to exhaust his state court remedies by fairly presenting his claims through one full round of the Pennsylvania established appellate process", id.;

(g) Mindful that "[j]urisdiction without exhaustion should not be exercised at the pretrial stage unless extraordinary circumstances are present", Moore v. DeYoung, 515 F.2d 437, 444 (3d Cir. 1975), and finding no extraordinary circumstances, Judge Sitarski concludes that "the Pennsylvania courts are the proper forum for addressing the claims in the instant petition", and she recommends dismissing the petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254, R&R at 4-5;

(h) Azille objects that he "has indeed [e]ncountered extraordinary circumstances in state court which would prohibit him from going on[e] full round of the Pennsylvania appellate process" because the state court has returned portions of motions he has filed to him, Pet. Obj. at 1;

   (i) Moreover, Azille argues that he "has been held in question for 221 days in direct violation of federal speedy trial rights, when the state is aware of exculpatory evidence to clear petitioner['s] name," id. at 4;

   (j) We do not find that this constitutes an extraordinary circumstance where petitioner is represented by counsel who can ensure that his motions are properly filed, compare Moore, 515 F.2d at 446 (finding that the state's failure to try petitioner for several years did not constitute "extraordinary circumstances" justifying "federal intervention prior to exhaustion of state court remedies");

   (k) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

   (l) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

   (m) We do not believe that reasonable jurists could debate the conclusion that Azille failed to exhaust his remedies and that no extraordinary circumstances excused this failure to exhaust, and so we decline to issue a certificate of appealability;

  It is hereby ORDERED that:

  1. Petitioner's objections (docket entry # 10) are OVERRULED;

  2. Judge Sitarski's December 6, 2013 report and recommendation (docket entry # 6) is APPROVED and ADOPTED;

    3. Azille's motion to release defendant on nominal bail (docket entry # 7) is DENIED;

    4. For the reasons stated in (m) above, we DECLINE to issue a certificate of appealability; and

    5. The Clerk of Court shall CLOSE this case statistically.

          BY THE COURT:

          <u>/s/ Stewart Dalzell, J.</u>